SMITH, Judge.
The director of revenue appeals from a judgment of the trial court reinstating the driver’s license of Vance. The director had ordered the license suspended for one year pursuant to Sec. 302.505 RSMo Supp.1983, upon his finding that Vance had operated his automobile while having a blood alcohol level above .13%. We reverse and remand.
The director was unable to make a sub-missible case following a ruling by the trial court that the testimony of the officer who administered the breathalyzer test that he held a type III permit from the Division of Health was hearsay. The court also refused to admit the permit into evidence for the same reason. The director made an offer of proof.
Section 577.020(3) states that chemical analysis of a person’s blood, to be considered valid “shall be performed according to methods approved by the state division of health ... by a person possessing a valid permit issued by the state division of health for the purpose.” The subsection following requires the division “to establish standards to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits ...” 13 CSR Ch. 50-140.020(1) provides for issuance of Type III permits to qualified individuals. The courts are required to take judicial notice of the Code of State Regulations without proof. Sec. 536.031 RSMo 1978. The trial court took such notice.
It is difficult to understand how the officer’s testimony that he held a Type III permit could be hearsay as that is a matter within the knowledge of the witness. It would come as a considerable surprise to most lawyers to learn that persons holding licenses from the state, including attorneys themselves, cannot testify to that fact. That aside, it is firmly established in our law that:
“A record or document kept or prepared by a person whose public duty it is to record truly the facts stated therein, is, when relevant, admissible as prima facie evidence of such facts, although the statements therein were made extrajudi-cially by a person not under oath and not subject to cross-examination, and the person who made the record may have had no personal knowledge of the matter recited, provided that it was made originally with the intent that it should be kept as a memorial to be referred to and used as evidence.” Wheeler v. Fidelity and Casualty Co. of New York, 298 Mo. 619, 251 S.W. 924 (en banc 1923) [5].
That doctrine is applicable to permits issued by the division of health to persons qualified to perform chemical testing of blood alcohol. State v. Becker, 429 S.W.2d 290 (Mo.App.1968).
Judgment reversed and cause remanded for new trial.
GAERTNER, P.J., and SNYDER, J., concur.